**UNITED STATES of America**

v.

**Gregory HACKETT, Appellant.**

**No. 05–1218.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1 Feb. 2, 2006.

Decided March 27, 2006.

Nancy E. Potts, Office of United States Attorney, Philadelphia, PA, for United States of America.

Michael J. Diamondstein, Philadelphia, PA, for Appellant.

Before MCKEE, SMITH and VAN ANTWERPEN, Circuit Judges.

## OPINION

MCKEE, Circuit Judge

Gregory Hackett appeals the sentence he received as a career offender under 18 U.S.C. § 924(e) after entering a conditional guilty plea to the charge of illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, we will affirm.

Since we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background. Hackett's only argument on appeal is that the district court erred in failing to grant his motion to suppress physical evidence that was seized during a traffic stop after police noticed that he was driving a car that had an expired Pennsylvania registration plate.

Hackett's challenge to the suppression motion requires only the briefest discussion. The evidence at the suppression hearing established that Hackett was driving with an expired Pennsylvania registration plate on his car, and the ensuing computer check revealed that the plate had been issued for a car other than the one Hackett was driving. Accordingly, police were clearly justified in investigating. Since they could investigate further, they were also justified in ordering Hackett out of the car for their own protection during the brief detention required for that investigation. *See United States v. Moorefield,* 111 F.3d 10, 13–14 (3rd Cir.1997). The record also supports the district court's

conclusion that once out of the car, police were justified in seizing the weapon that the defendant was ultimately convicted of possessing. *See, Pennsylvania v. Mimms,* 434 U.S. 106, 109, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam). Accordingly, the judgment of conviction and sentence entered on January 19, 2005, will be affirmed.